**Rony Danilo FIGUEROA, Petitioner,**

v.

**Peter D. KEISLER, Acting United States Attorney General,\* Respondent.**

No. 05–5821–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Acting Attorney General Peter

Rony Danilo Figueroa, pro se, Dallas, TX, for Petitioner.

Robert M. Spector, Assistant United States Attorney, for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Respondent.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, Hon. PAUL A. CROTTY,** District Judge.

### SUMMARY ORDER

Petitioner Rony Danilo Figueroa, a native and citizen of Guatemala, seeks review of the September 30, 2005 order of the BIA dismissing his appeal from the May 12, 2004 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. ordering his removal from the United States. *In re Rony Danilo Figueroa,* No. A29–032–211 (B.I.A. Sept. 30, 2005), *aff'g* No. A29–032–211 (Immig. Ct. Buffalo, May 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Figueroa, who entered the United States on September 8, 1986, contends that he is a class member under *American Baptist Churches v. Thornburgh,* 760 F.Supp. 796 (N.D.Cal.1991) ("*ABC*"), whereby "all Salvadorans in the United States as of September 19, 1990" and "all Guatemalans in the United States as of October 1, 1990" are eligible for a de novo asylum adjudication before an asylum officer. Conceding that he was in Canada, rather than the United States, on October 1, 1990, Figueroa nonetheless argues that he is a class member under the standard set forth in 8 C.F.R. § 240.60(1). Accord-

---

D. Keisler is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

** Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

ing to that regulation, "ABC class member refers to: (1) Any Guatemalan national who first entered the United States on *or before* October 1, 1990; and (2) Any Salvadoran national who first entered the United States on or before September 19, 1990." *Id.* (emphasis added).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We have no occasion to decide whether Figueroa was an *ABC* class member, because Guatemalan *ABC* class members are eligible for de novo asylum adjudication only if they "indicate to the INS in writing their intent to apply for a de novo asylum adjudication before an Asylum Officer, or otherwise to receive the benefits of this agreement, within the period of time commencing July 1, 1991 and ending on December 31, 1991." 760 F.Supp. at 800. There is nothing in the record to indicate that Figueroa complied with this requirement, and he does not assert that he did. The BIA correctly held that Figueroa did not comply with the requirements necessary for de novo asylum adjudication under *ABC*.

To the extent that Figueroa now challenges the June 23, 1989 dismissal of his original request for asylum, that claim is not properly before this Court, because it was not raised before the BIA. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam).

For the foregoing reasons, the petition for review is DENIED. Our review hav-

ing been completed, Figueroa's motion for stay of deportation is DENIED.